UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANTANDER CONSUMER USA, INC. and
CCAP AUTO LEASE, LTD.,

        Plaintiffs,

        v.

THE COUNTY OF SUFFOLK, DENIS
BROWN, SUSAN FLYNN, MARC
LINDEMAN, and LELAND SOLAN,

        Defendant.

**MEMORANDUM & ORDER**
23-CV-05308 (HG)

**HECTOR GONZALEZ**, United States District Judge:

        Defendants have filed a pre-motion letter regarding a proposed motion to dismiss in full the claims asserted by Plaintiff Santander Consumer USA, Inc. ("Santander") and to dismiss only the claims asserted against the individual Defendants by Plaintiff CCAP Auto Lease, Ltd. ("CCAP"). ECF No. 28. Although the Court has already set a discovery schedule, *see* ECF No. 27, Defendants have also requested that the Court stay discovery while their proposed motion to dismiss is pending. For the reasons set forth below, the Court construes Defendants' pre-motion letter as Defendants' motion itself and denies the motion in full. The Court also declines to stay discovery.

## FACTUAL BACKGROUND

        Plaintiffs allege that they hold security interests in two vehicles for which the vehicles' owners have defaulted on their payments, thereby permitting Plaintiffs to take possession of the vehicles. ECF No. 1 ¶¶ 17–19, 29–31. The vehicles' owners allegedly committed unspecified crimes, which led Suffolk County (the "County") to seize the vehicles from the owners. *Id.* ¶¶ 21–22, 33–34. Plaintiffs allege that they have asked the County to release the vehicles to

Plaintiffs, pursuant to their security interests, but that the County has refused. *Id.* ¶¶ 24–25, 36–37. They also allege that the County has refused to conduct a civil forfeiture proceeding during which Plaintiffs can assert and attempt to protect their security interests. *Id.* Instead, the County has allegedly demanded that Plaintiffs agree to certain contractual conditions mandated by the County, without any judicial oversight, before the County will agree to release the vehicles. *Id.* ¶¶ 26–27, 38–39.

Plaintiffs have brought claims pursuant to Section 1983, alleging that the County's practices constitute an unreasonable seizure in violation of the Fourth Amendment, fail to provide procedural due process in violation of the Fourteenth Amendment, and amount to an uncompensated taking in violation of the Fifth Amendment. ECF No. 1 ¶¶ 51–80. The individual Defendants named in Plaintiffs' complaint are attorneys for the County who allegedly personally participated in designing and implementing the County's policies for seizing and disposing of vehicles. *Id.* ¶¶ 11–14. Since Plaintiffs allege that the County has a policy of following the same procedures when seizing other vehicles, Plaintiffs also assert a claim against the County itself, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). ECF No. 1 ¶¶ 43–46.

Defendants have requested a pre-motion conference regarding a motion to dismiss all of the claims asserted by Santander and both Plaintiffs' claims against the individual Defendants. ECF No. 28. Since Defendants acknowledge that CCAP is the lessor of one of the vehicles at issue in addition to being a lienholder, they concede that CCAP has standing to assert claims against the County and, therefore, do not seek to dismiss those claims. *Id.* at 1–2. Plaintiffs have filed a responsive letter that attempts to refute the arguments raised in Defendants' letter. ECF No. 29. Defendants have also filed a letter requesting that the Court stay discovery while their

motion to dismiss is pending, which Plaintiffs have advised that they oppose. ECF Nos. 31, 33. The Court finds it appropriate to decide Defendants' proposed motion to dismiss based solely on the parties' pre-motion letters because the letters describe the parties' arguments in sufficient detail, with accompanying citations to case law, and the Court is denying Defendants' request to dismiss Plaintiffs' claims rather than disposing of any party's claims. *See Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54 (2d Cir. 2022) (describing the circumstances in which district courts may decide proposed motions based on pre-motion letters).[1]

### LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," along with any document for which "the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). Courts are also "permitted to consider matters of which judicial notice may be taken." *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021).

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

## DISCUSSION

The Court rejects Defendants' argument that Santander, as the holder of a lien on one of the vehicles at issue, lacks standing to assert an unreasonable seizure or due process claim under the Fourth and Fourteenth Amendments, respectively, or that those claims are otherwise inadequately pled. Even one of the cases that Defendants cite confirms that holders of liens on vehicles have a sufficient interest in the vehicles to assert due process claims related to the County's retention of those vehicles. *Santander Consumer USA, Inc. v. Cty. of Suffolk*, No. 20-cv-2656, 2021 WL 4480574, at *6 (E.D.N.Y. Sept. 30, 2021) (refusing to dismiss procedural due process claims). In the same case, the Court also held that a lienholder could state a Fourth Amendment claim based on allegations that the County: (i) prior to commencing forfeiture proceedings, "indefinitely detain[ed] [s]ubject [v]ehicles and refus[ed] to commence forfeiture proceedings, notwithstanding [p]laintiff's requests"; and (ii) after completing forfeiture proceedings, required lienholders to satisfy "conditions of payment and a general release from liability." *Id.* at *11. Multiple other decisions within this Circuit confirm that similar claims may even prevail on summary judgment—thereby demonstrating that they are sufficient to survive a motion to dismiss.[2]

---

[2] *See TD Auto Fin. LLC v. Cty. of Putnam*, No. 21-cv-9080, 2023 WL 6295116, at *11 (S.D.N.Y. Sept. 27, 2023) (denying summary judgment seeking dismissal of due process claim and granting summary judgment in favor of lienholder, holding that county failed to give lienholder opportunity to be heard on propriety of county's seizure of vehicle); *Toyota Lease Tr. v. Vill. of Freeport*, No. 20-cv-2207, 2023 WL 4443992, at *8–10 (E.D.N.Y. Jan. 24, 2023), *report and recommendation adopted in full*, 2023 WL 4449333 (E.D.N.Y. Mar. 30, 2023) (granting summary judgment in favor of vehicle lessor on Fourth Amendment claims based on warrantless seizure and retention of vehicle and on Fourteenth Amendment procedural due process claims); *Santander Consumer USA, Inc. v. Cty. of Nassau*, 623 F. Supp. 3d 6, 12, 21 (E.D.N.Y. 2022) (denying summary judgment seeking dismissal of Fourteenth Amendment claim and granting summary judgment in favor of lienholder because county violated due process by towing vehicles with unpaid traffic tickets and demanding that lienholders release any claims against county before taking possession of vehicle).

The Court also declines to dismiss Santander's Fifth Amendment takings claim. Defendants' letter cites no case law suggesting that the claim should be dismissed and merely relies on Defendants' assertion that, as a lienholder with a security interest, Santander does not have a right to possess the vehicle at issue. ECF No. 28 at 2. The Court sees no reason why Santander's status as a lienholder, rather than the vehicle's owner, should defeat Santander's Fifth Amendment claim when Santander's status as a lienholder is adequate to state Fourth and Fourteenth Amendment claims.

Plaintiffs have adequately alleged a *Monell* claim against the County. "To hold a municipality liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Accarino v. Town of Monroe*, 857 F. App'x 49, 50 (2d Cir. 2021). Although Plaintiffs may not survive dismissal on a *Monell* claim by alleging a "conclusory statement that a municipal policy or custom existed" or by relying on a "single incident," the Court finds that Plaintiffs' complaint has done more than that and properly alleges a *Monell* violation. *See id.* Reinforcing this conclusion, multiple courts within this Circuit have held that *Monell* claims were valid against local governments, including the County, under similar circumstances. *Santander*, 2021 WL 4480574, at *13 (denying motion to dismiss *Monell* claims against Suffolk County based on alleged Fourth and Fourteenth Amendment violations); *TD Auto Fin.*, 2023 WL 6295116, at *12 (granting summary judgment to lienholder on *Monell* claim against Putnam County based on due process violations); *Santander*, 623 F. Supp. 3d at 21–22 (granting summary judgment to lienholder on *Monell* claim against Nassau County based on due process violations).

5

The Court declines to dismiss Plaintiffs' claims against the individual Defendants. To state a Section 1983 claim based on an alleged violation of a constitutional right, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). In other words, "there is no special rule for supervisory liability." *Id.* Plaintiffs have satisfied this standard by specifically alleging that the individual Defendants, as attorneys working on behalf of the County, personally participated in designing and implementing the County's policies for seizing and disposing of vehicles. ECF No. 1 ¶¶ 11–14. This is sufficient at the pleading stage, and to the extent that Plaintiffs are unable to provide evidence that a particular individual Defendant personally participated in designing or implementing these policies, that individual Defendant will likely be entitled to summary judgment.

The individual Defendants' argument that they are entitled to qualified immunity must also await summary judgment or trial. As the Second Circuit has explained, "advancing qualified immunity as grounds for a motion to dismiss is almost always a procedural mismatch. Although it is possible for a qualified immunity defense to succeed on a motion to dismiss, such a defense faces a formidable hurdle and is usually not successful." *Sabir v. Williams*, 52 F.4th 51, 64 (2d Cir. 2022). That is because, as with other defenses raised on a motion to dismiss, "the facts supporting the defense must appear on the face of the complaint, or in its attachments and documents incorporated by reference," and "the plaintiffs are entitled to all reasonable inferences from the facts alleged, not only those that support their claim, but also those that defeat the immunity defense." *Id.* at 63–64. Defendants contend that the individual Defendants are entitled to qualified immunity because their "actions were consistent with the policies adopted as a result of those actions [*i.e.*, prior lawsuits against the County], including policies that Santander itself

6

negotiated." ECF No. 28 at 3. But the Court may not at this procedural stage review these policies, which are extrinsic to Plaintiffs' complaint, and weigh whether the individual Defendants acted reasonably when they purportedly attempted to comply with them. Defendants have not satisfied their burden of demonstrating that the alleged policies, or Santander's purported consent to those policies, are "integral" to Plaintiffs' complaint despite not being included in the complaint. *See Foreman*, 19 F.4th at 106 (describing the materials that courts may consider on motions to dismiss).

Finally, as mentioned above, Defendants have filed a letter requesting that the Court stay discovery while their motion to dismiss is pending. ECF No. 31. Since the Court has denied Defendants' motion to dismiss, good cause does not exist to stay discovery. The parties shall continue to participate in discovery according to the deadlines in the Court's scheduling order. *See* ECF No. 27.

## CONCLUSION

For the reasons set forth above, the Court takes Defendants' pre-motion letter under consideration as Defendants' proposed motion to dismiss and DENIES Defendants' motion. *See* ECF No. 28. The Court also DENIES Defendants' request to stay discovery. ECF No. 31. The parties shall continue conducting discovery in accordance with the deadlines in the Court's scheduling order. *See* ECF No. 27.

SO ORDERED.

      */s/ Hector Gonzalez*
      HECTOR GONZALEZ
      United States District Judge

Dated: Brooklyn, New York
      October 25, 2023

7